NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM FERRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>NORA DAHL, et al.,<br><br>            Defendants. | Case Number C 05-00125-JF<br><br>ORDER[1] GRANTING DEFENDANTS'<br>SECOND MOTION TO DISMISS |

Defendants Nora Dahl ("Dahl") and the California Employment Development Department ("EDD") move to dismiss the complaint of Plaintiff Sam Ferris ("Ferris") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ferris opposes the motion. Having considered the briefs, relevant evidence, and the arguments on behalf of the parties at the hearing on November 4, 2005, the Court will GRANT the motion for the reasons set forth below.

## I. BACKGROUND

Ferris is the former owner of Nude Models, a business that supplied female models to customers from 1988 to 1990. On November 1, 1990, Ferris was convicted in state court of six

---

[1] This disposition is not designated for publication and may not be cited.

1  misdemeanor and felony tax violations, pursuant to California Unemployment Insurance Code
2  ("UIC") §§ 2108, 2118.5 and 2117.5, for failure to pay employee taxes in connection with his
3  business. EDD subsequently assessed a levy on Ferris' property to collect the unpaid taxes. On
4  November 4, 1991, Ferris filed a petition for reassessment of tax liability with the California
5  Unemployment Insurance Appeals Board ("CUIAB"), and on August 25, 1994, the CUIAB
6  granted Ferris' petition for reassessment in part, but found that Ferris was "collaterally estopped"
7  from "deny[ing] the employer-employee relationship" because that relationship had already been
8  established by Ferris' criminal conviction. EDD appealed the CUIAB ruling. On May 4, 1995,
9  the CUIAB modified its prior decision as to the amount of money owed by Ferris, but again
10 found that "an employer-employee relationship existed between [Ferris] and [the] models."
11 Ferris' final payment to the EDD was made on November 7, 1995.
12         On December 31, 2001, Ferris filed a petition for writ of mandate for refund of taxes
13 under UIC § 1241(a) against EDD in the Sacramento Superior Court. The petition alleged that
14 the "[m]odels [were] Independent Contractors" and that there were "due process, statutory [sic]
15 procedural and equal protection errors made" by EDD. The complaint also requested that
16 the"[c]ourt not decide any Federal Claim or Federal Constitutional issue" pursuant to *England v.*
17 *Louisiana State Bd. of Medical Examiners*, 375 U.S. 411 (1964). On March 8, 2002, the superior
18 court sustained EDD's demurrer to the complaint without leave to amend.
19         Ferris appealed the superior court's ruling. On April 17, 2003, the Court of Appeal
20 affirmed the superior court's decision. The appellate court determined "from appellant's often
21 rambling and incoherent narratives that he is principally challenging the finding that an
22 employer/employee relationship existed between him and the workers at Nude Models." On
23 May 8, 2003, Ferris was denied a rehearing by the appellate court, with the court specifically
24 rejecting "[a]ppellant's motion to declare the independent contractor laws unconstitutionally
25 vague." On July 16, 2003, Ferris' petition for review before the California Supreme Court was
26 summarily denied.
27         Ferris filed the instant action on January 7, 2005 against Dahl and EDD, pursuant to 42
28 U.S.C. § 1983 and California Civil Code § 52.1, alleging that Defendants subjected him to

2

Case No. C 05-00125-JF
ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS
(JFEX1)

double jeopardy, prosecuted him under a vague statute, failed to provide equal protection of the law, denied him substantive and procedural due process, engaged in malicious prosecution and abuse of process, and caused him emotional distress. On May 23, 2005, Dahl and EDD moved to dismiss the instant action in its entirety, arguing that Ferris' state and federal claims are barred by the doctrine of res judicata. On August 4, 2005, the Court granted Defendants' motion to dismiss as to Ferris' state law claims, but denied Defendants' motion as to Ferris' federal constitutional claims, noting that Ferris did not allege federal claims in his state court action and, indeed, expressly reserved such claims by means of an *England* reservation. The Court provided Defendants with thirty days to file a renewed motion based upon collateral estoppel. Defendants now move to dismiss the instant action in its entirety consistent with the Court's order.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

///

### III. DISCUSSION

Defendants argue that Ferris' remaining claims are barred by the doctrine of collateral estoppel, and therefore request that the Court dismiss the complaint in its entirety. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). California courts apply collateral estoppel if "(1) the issue decided in the prior case is identical with the one now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to be estopped was a party to the prior adjudication." *San Remo Hotel, L.P. v. City and County of San Francisco*, 364 F.3d 1088, 1096 (9th Cir. 2004), *aff'd,* 125 S. Ct. 2491 (2005). The fact that a plaintiff litigating in state court expressly reserved his or her federal claims by means of an *England* reservation does not preclude application of standard principles of collateral estoppel. *See San Remo Hotel, L.P. v. City and County of San Francisco*, 125 S. Ct. 2491, 2502 (2005).

Ferris seeks relief in the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants subjected him to double jeopardy, prosecuted him under a vague statute, failed to provide equal protection of the law, denied him substantive and procedural due process, engaged in malicious prosecution and abuse of process, and caused him emotional distress. Although Ferris asserts these federal claims for the first time in the instant action, an examination of the "Facts and Allegations" set forth in Ferris' complaint, and expressly incorporated in each of his eight claims for relief, reveals that Ferris is merely attempting to relitigate an issue that was previously decided in a final judgment.

Ferris continues to argue that he is entitled to a refund of the income taxes paid to the EDD because the models he represented in his business were independent or labor contractors and not employees. Complaint, ¶¶ 5-7, 10, 12-15. Ferris alleges that "[u]nder the relevant facts as found by the ALJ . . . Ferris is a Labor Contractor pursuant to Bus. & Prof. Code § 9902." *Id.*, ¶ 6. However, this allegation is a plain misstatement of fact. Despite Ferris' representations to the contrary, the existence of an employer-employee relationship was conclusively established in a final judgment. On August 25, 1994, the CUIAB issued its initial ruling regarding Ferris'

4

petition for reassessment of tax liability. The ALJ expressly invoked the doctrine of collateral estoppel, stating in relevant part:

> In the criminal proceedings against the petitioner, in order for the court to find the petitioner guilty of failing to file employer returns and failing to make employer contributions under Section 2117.5 and 2108 of the Code, it necessarily had to find that the relationship between the petitioner and the models and drivers was that of employer to employee. That is the identical issue presented in this case. The petitioner had full opportunity to litigate that issue in the criminal proceeding and it was finally decided against him. He is accordingly estopped to deny the employer-employee relationship.

Exhibits to Complaint, at 37. Likewise, after the CUIAB issued its final ruling, the Sacramento Superior Court, California Court of Appeal and California Supreme Court each refused to entertain Ferris' repeated attempts to challenge the existence of an employer-employee relationship. *See infra* p. 2. The central issue raised by Ferris in the instant action has been fully litigated in the criminal, administrative and state civil proceedings. The Court is satisfied that the elements of collateral estoppel have been met. Moreover, although he alleges conclusorily that he was denied substantive or procedural due process, Ferris fails to identify any facts in the record that would support such a claim. Accordingly, Ferris may not, under the guise of § 1983 federal claims, attempt to relitigate the established fact that an employer-employee relationship existed between he and the models.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants' second motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

DATED: _____

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-00125-JF
ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS
(JFEX1)

1 This Order has been served upon the following persons:

2

3 Plaintiff

4 Sam Ferris
5 3908 Arden Farms Place
San Jose, CA 95111

6

7

8 Counsel for Defendants

9 John G. Donhoff, Jr.
Attorney General of the State of California
10 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
11 john.donhoff@doj.ca.gov
12 anita.schurwon@doj.ca.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28